UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CALVIN CRISP,**

    **Plaintiff,**

    v.

                             Civil Action 2:15-cv-1265
                             Judge Michael H. Watson
                             Magistrate Judge Elizabeth P. Deavers

**TRISH NEEL-WILSON, DIRECTOR**
**CENTER FOR WELLNESS AND PREVENTION,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Calvin Crisp, who is proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Defendant Michael V. Drake ("Defendant Drake"), President of The Ohio State University, from this action. Plaintiff may proceed on his claims against Defendant Trish Neel-Wilson ("Defendant Neel-Wilson"), Director of the Center for Wellness and Prevention at The Ohio State University Wexner Medical Center ("Wellness Center"), at this juncture.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants,[1] alleging that they violated his constitutional rights by terminating his membership at the Wellness Center without due process. Plaintiff sues Defendant Neel-Wilson in her official and individual capacity. He brings his claims against Defendant Drake in his individual capacity only.

In his Complaint, Plaintiff asserts that he was entitled to notice and a hearing before Defendants could lawfully terminate his membership at the Wellness Center. On January 20, 2015, Defendant Neel-Wilson hand delivered a letter to Plaintiff informing him that his membership at the Wellness Center had been terminated as a result of him making statements of sexual nature to the Wellness Center's staff. (Exhibit 1, ECF No.1-1.) The letter also informed Plaintiff that he was to not be on the premises of the Wellness Center at any time. *Id.* Plaintiff responded to Defendant Neel-Wilson's letter, asserting that he never made sexual comments to staff. He further wrote that Defendant Neel-Wilson's "mistaken or unjustified deprivation of use of a public facility without enabling [him] to contest the basis upon which a State facility deprived [him] of the use without notice or opportunity for a hearing before an impartial tribunal is a clear violation of due process." (Exhibit 2, ECF No. 1-1.) In response to Plaintiff's letter, Defendant Neel-Wilson wrote that the Wellness Center does not have an appeal process for members to contest the termination of their membership. (Exhibit 3, ECF No. 1-1.) She explained that the Wellness Center had received several reports of Plaintiff's inappropriate behavior and that management determined that it was no longer appropriate for Plaintiff to use

---

[1] Defendants Neel-Wilson and Drake are the only defendants named in Plaintiff's Complaint.

the facilities. *Id.* Subsequently, on April 13, 2015, Plaintiff filed the instant lawsuit, alleging that Defendants deprived him of his due process rights by terminating his membership without notice or a hearing. He seeks declaratory, injunctive, and monetary relief.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the

---

[2] Formerly 28 U.S.C. § 1915(d).

action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept

as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III. ANALYSIS

The Undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Drake.[3] To bring a cause of action under Section 1983, a Plaintiff must plead that a person acting under color of law has caused a deprivation of a right that is secured by the Constitution or a law of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails to allege personal involvement on the part of Defendant Drake sufficient to render him liable under Section 1983. Plaintiff does not assert any facts that demonstrate that Defendant Drake was involved in the decision to terminate his membership at the Wellness Center without notice or a hearing. Plaintiff does not mention Defendant Drake in his Complaint other than naming him as a Defendant. Further, the exhibits to the Complaint make clear that only Defendant Neel-Wilson, not Defendant Drake, was involved in the incidents leading up to this lawsuit. Plaintiff has therefore failed to plead factual content that would allow this Court to conclude that Defendant Drake deprived Plaintiff of his due process rights. Thus, the Undersigned **RECOMMENDS** that the Court **DISMISS** Defendant Drake from this action.

### IV. CONCLUSION

For the above-stated reasons, the Undersigned **RECOMMENDS** that Defendant Drake

---

[3] The Court notes that Plaintiff only names President Drake as a Defendant in his individual capacity. (*See* Compl. 2, ECF No. 1-1.)

be **DISMISSED** from this action for Plaintiff's failure to state a claim. At this time, the Court will permit Plaintiff to proceed on his claim against Defendant Neel-Wilson.

The United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Neel-Wilson a summons, a copy of the Complaint, and a copy of this Order. Defendant Neel-Wilson is **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and summons.

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: April 15, 2015  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge