UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Calvin Crisp,

    Plaintiff,

    v.

Trish Neel-Wilson, *et al.*,

    Defendants.

Case No. 2:15–cv–1265

Judge Michael H. Watson

## OPINION AND ORDER

Upon initial screening of this *pro se* civil rights case, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending dismissal of Michael Drake, President of The Ohio State University ("President Drake"). ECF No. 3. Plaintiff objects. ECF No. 8. For the forgoing reasons, the Court overrules Plaintiff's objections.

### I.   FACTS

Plaintiff brings an action under 42 U.S.C. § 1983 against Director Trish Neel-Wilson ("Director Neel-Wilson"), head of the Ohio State Center for Wellness and Prevention ("the Center"), and President Drake alleging violations of his constitutional rights. Plaintiff claims his membership at the Center was terminated without due process when Director Neel-Wilson sent him notice that he was banned from the Center's work-out facilities. Compl. PAGEID # 29, ECF No. 2.

According to the notice, the Center received several reports of inappropriate behavior attributable to Plaintiff. See Compl., Ex. 3, PAGEID # 37, ECF No. 2. Plaintiff denies any inappropriate behavior and claims that he has suffered severe and substantial damages as a result of the expulsion from the Center. Compl. PAGEID # 31, ECF No. 2.

Magistrate Judge Deavers screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff failed to sufficiently state a claim against President Drake. R&R 5, ECF No. 3. She notified Plaintiff of his right to object and Plaintiff timely did so. Id. at 6. For the reasons that follow, Plaintiff's objections are **OVERRULED** and the R&R is **ADOPTED**.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In accordance with Federal Rule of Civil Procedure 8(a) a plaintiff must provide a "short plain statement of the claim." Fed. R. Civ. P. 8(a). Moreover, to state a claim, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and courts do not have to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 556. Plaintiff must do more than merely state a defendant's name in the caption for categorical purposes without providing some factual allegations that each defendant violated the asserted constitutional right by their personal active involvement. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012).

Since Plaintiff is a *pro se* litigant, his complaint is to be construed liberally; however, the Court is not required to accept legal conclusions unsupported by factual allegations. *See Younsis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010); *Iqbal*, 556 U.S. at 678.

### III. ANAYLSIS

Magistrate Judge Deavers recommended the Court dismiss Plaintiff's claim against President Drake but found that Plaintiff has adequately pleaded a claim against Director Neel-Wilson. R&R 1, ECF No. 3. Plaintiff objects only to Magistrate Judge Deaver's recommendation with respect to his claims against President Drake.

Magistrate Judge Deavers determined that Plaintiff failed to adequately plead a § 1983 claim against President Drake because Plaintiff failed to allege any personal involvement on the part of the President. *Id.* at 5 ("[B]ecause

vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (quoting *Iqbal*, 556 U.S. at 676 (2009)).

Plaintiff objects and argues that President Drake "stood by" Director Neel-Wilson when Director Neel-Wilson made false, defamatory, and stigmatizing statements about Plaintiff in the expulsion letter that wrongfully tarnished Plaintiff's reputation and integrity. Obj. PAGEID # 65, ECF No. 8. Plaintiff also argues that the Center is under the direction of The Ohio State University, such that President Drake, as leader of the University, is responsible for the actions of its employees. *Id*. Plaintiff accuses Defendants of acting intentionally in concert and under color of law. *Id*. at 67.

Plaintiff's objection is not well taken. To establish a claim upon which relief may be granted under § 1983 against a particular defendant a plaintiff must show that the defendant *personally* violated one of his rights. *See Robertson v. Lucus*, 753 F.3d 606, 614 (6th Cir. 2014).

Additionally, in § 1983 claims against a supervisory official, Plaintiff cannot rely on vicarious liability as a basis the official's liability. *See Iqbal*, 556 U.S. at 676. Instead, Plaintiff must "'show that [the] supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate'" or otherwise that he was "personally involved in the events leading to Plaintiff's claim." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d

623, 634–35 (6th Cir. 2013) (quoting *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)).

The Court finds Magistrate Judge Deavers did not err in finding that Plaintiff did not adequately allege a claim against President Drake in the original Complaint, even under the liberal standard afforded a *pro se* litigant.

Plaintiff has not alleged any personal or active involvement of President Drake in the decision to ban Plaintiff from the Center. He merely states legal conclusions unsupported by factual allegations and only names President Drake "categorically." *See Stoutamire v. Adkins*, No. 1:11–cv–242, 2012 WL 640145, at *1 (S.D. Ohio Feb. 28, 2012) ("Other than her title, [the plaintiff] alleges no facts that plausibly suggest that [the defendant] was involved in any of the events he describes in his complaint."). Nor has Plaintiff alleged specific facts suggesting President Drake authorized the actions. Plaintiff merely states that President Drake "stood by" Director Neel-Wilson's actions and that Defendants were "acting on concert." Obj. PAGEID # 65, 67, ECF No. 8. Without more, failure to dismiss the claim against President Drake would be improper under 28 U.S.C. § 1915(e)(2).

In his objection, Plaintiff also requests to amend his complaint to correct any errors and allow a claim against President Drake to go forward. Obj. PAGEID # 67, ECF No. 8.

Even viewing his objection and then later filed additional memorandum in support collectively, Plaintiff fails to adequately state a claim against President

Drake.  *See id.* 65 (merely claiming that President Drake "stood by" Director Neel-Wilson's decision and "directed" from his position as President); Mem. PAGEID # 91, 93, 94, ECF No. 14 (referencing "Defendants" and not once even naming President Drake individually).  None of Plaintiff's filings state facts that plausibly suggest President Drake was personally involved in the Center's decision to ban Plaintiff from its premises, and therefore, Plaintiff did not adequately state a § 1983 claim against President Drake.

Accordingly, Plaintiff's objection is **OVERRULED**.  The R&R is **ADOPTED**, and Defendant Michael Drake is **DISMISSED** from this action.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**